JOURNAL ENTRY and OPINION
On May 22, 2000, Bennie Blair, applicant, filed an Application for Delayed Reopening of Appeal. Appellant is attempting to reopen the judgment of this court in State v. Blair (June 7, 1999), Cuyahoga App. No. 73975, unreported, which affirmed the finding of the trial court declaring applicant to be a probation violator and sexual predator. The state submitted a Memorandum of Law in opposition to reopening and, for the following reasons, we decline to reopen applicant's appeal.
According to App.R. 26 (B)(1) and (2)(b), a showing of good cause must be made when an application for reopening is filed more than ninety days after journalization of the appellate judgment. The judgment in this case was journalized on June 7, 1999, and the application for reopening was not filed until May 22, 2000, clearly beyond the ninety day requirement. Applicant offered no explanation for the delay. Consequently, we deny the application as untimely filed without a showing of good cause.State v. Drake (July 2, 1998), Cuyahoga App. No. 74661, unreported, reopening disallowed (June 24, 1999), Motion No. 4637; State v. King (Dec. 6, 1996), Cuyahoga App. No. 68726, unreported, reopening disallowed (Dec. 1, 1998), Motion No. 98386.
Moreover, a review of the application and our appellate file reveals that the use of App.R. 26 (B) to reopen applicant's appeal is inappropriate. The rule permits a defendant in a criminal case to apply for the reopening of the appeal from the judgment of conviction and sentence. App.R. 26 (B)(1). This court has previously stated that the use of App.R. 26 (B) is restricted to the direct appeal of a criminal conviction. State v. Shurney
(May 21, 1994), Cuyahoga App. No. 64670, unreported, reopening disallowed (May 15, 1995), Motion No. 60758. The criminal docket in applicant's file indicates that applicant was convicted and sentenced in May, 1995, and that no appeal was pursued. The appeal applicant is currently attempting to reopen is not the direct appeal from his judgment of conviction and sentence, but rather a postconviction appeal concerning a violation of probation. Because this proceeding involved a matter other than a direct appeal from a conviction and sentence, the use of App.R. 26 (B) is inappropriate and there is no basis for reopening. SeeState v. Loomer (1996), 76 Ohio St.3d 398, 667 N.E.2d 1209; Statev. Halliwell (Dec. 30, 1996), Cuyahoga App. No. 70369, unreported, reopening disallowed (Jan. 28, 1999), Motion No. 187.
Accordingly, the Application for Delayed Reopening of Appeal is denied.
ANN DYKE, ADM. J. and ANNE L. KILBANE, J. CONCUR.
 ______________________ LEO M. SPELLACY, JUDGE